**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10426
Summary Calendar

CLYDE EVANS PARKER, also known as Clyde Dale Evans, also known as
Clyde Dale Evans Parker

Plaintiff-Appellant

v.

DEE ANDERSON, Sheriff, Tarrant County; CEDRIC SIMON, Chief; MARY
HENDRIX, Captain; DONALD MITCHELL, Correctional Officer, Tarrant
County Jail; REGINALD WASHINGTON, Correctional Officer, Tarrant County
Jail; JOHN MURPHY, Sargeant, Tarrant County Sheriff's Department;
DARRELL CLEMENTS, Lieutenant, jail administrator, Tarrant County Jail;
AMY FERRELL, Captain, Tarrant County Jail; JOHN PETER SMITH
HOSPITAL; DR ERIK WROTEN; DR BRIAN KEITH BLAIR; DR R WILLIAM
JUNIAS, III; D O MICHAEL C AMPELAS; DR WARREN LEWIS
BUTTERFIELD

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-269

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Clyde Evans Parker, federal inmate # 34006-177, appeals the dismissal of a civil rights complaint alleging that, during his incarceration as a pre-trial detainee, the defendants failed to provide constitutionally adequate medical treatment for his broken arm. Parker also appeals denial of a post-judgment motion for relief under FED. R. CIV. P. 59(e), and he moves for appointment of appellate counsel and permission to supplement the record.

The district court concluded that Parker's complaint failed to state a claim for relief and granted FED. R. CIV. P. 12(b)(6) relief as to all defendants. Parker does not challenge the district court's determination that he failed to state a claim against defendants John Peter Smith Hospital, Anderson, Simon, Hendrix, Ferrell, Murphy, Clements, Mitchell and Washington. Accordingly, he has abandoned his claims against these defendants. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983).

The grant of a motion to dismiss pursuant to Rule 12(b)(6) is reviewed de novo, with all well-pleaded facts accepted as true and viewed in the light most favorable to the plaintiff . *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230, *and cert. denied*, 128 S. Ct. 1231 (2008). Parker's claims against defendants Wroten, Blair, Junias, Ampelas, and Butterfield allege, at most, negligence or malpractice; thus, the district court did not err by concluding that Parker failed to state a claim of constitutionally inadequate medical treatment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *In re Katrina Canal*, 495 F.3d at 205. As Parker does not challenge the denial of his post-judgment motion to amend, we conclude that he has also abandoned this issue. *Yohey*, 985 F.2d at 224-25. Consequently, the judgment of the district court is AFFIRMED and the motions for appointment of counsel and to supplement the record are DENIED.